## M. N. SEVIER v. W. C. CARSON ET AL.

### No. 1321.

**Limitations—Written Contract—Contingency.**—Appellant, on March 20, 1889, filed suit on a written contract, substantially as follows: "On June 1, 1885, I agree to pay S. $209, amount of two notes, with accrued interest up to November 15, 1884, given by M. to N. in part payment for land, which land I have bought from M.; and I further agree to pay 12 per cent per annum interest on said amount from November 15, 1884; upon performance of which, said S. is to deliver said notes to me. In case I sell the land for which said notes were given before June 1, 1885, I agree to pay said $209, with accrued interest up to time of sale." The sale of the land above contemplated was made February 14, 1885. *Held*, that limitation ran from that date, and the cause of action was barred.

APPEAL from Tarrant. Tried below before Hon. W. D. HARRIS.

*H. E. Eldridge* and *Bomar & Bomar*, for appellant.—Where one clause of a written contract fixes positively the time of performance, it can not be overcome by a subsequent clause in the contract by adding something to the latter clause in order to get at the intention of the parties.

*Furman & Bowlin*, for appellee M. B. Leach.—The statute of limitation ran against the note sued upon from the day the right of action accrued thereon, and that being the 14th day of February, 1885, the day the land in question was sold and conveyed by S. M. Stovall to W. C. Carson, the action was barred when the suit was filed. Rev. Stats., art. 3205; Machine Works v. Reiger, 64 Texas, 89; Robertson .v. Cates, 74 Texas, 408; 13 Am. and Eng. Encyc. of Law, 726, note 1.

STEPHENS, ASSOCIATE JUSTICE.—This suit was instituted March 20, 1889, to recover the amounts of two certain promissory notes, and to foreclose the vendor's lien retained to secure their payment.

The only controverted issue in the case arises upon the plea of the statute of limitation of four years as a bar to the following written instrument declared upon:

"On June 1, 1885, I agree and bind myself to pay M. N. Sevier the sum of $209, amount of two notes, with accrued interest up to November 15, 1884, given by S. M. Stovall to W. E. Newton in part payment for land, which land I have bought from S. M. Stovall; and I further agree and bind myself to pay 12 per cent per annum interest on said amount from November 15, 1884; upon performance of which the said Sevier is to deliver to me the two above described notes. In case I sell the land for which the said Stovall notes are given, before the 1st day of June next, I agree to pay the said $209, with accrued interest up to time of sale. "W. C. CARSON.

"This December 18, 1884."

The contemplated sale mentioned in this instrument was effected February 14, 1885. The question then is, could this instrument have been declared on after the date of said sale, and prior to March 20, 1885? If so, four years had elapsed after its maturity when this suit was brought, and the limitation defense was properly sustained.

While the instrument contains no explicit promise to pay the amounts therein specified before June 1, 1885, the last sentence, in effect, contains a promise to make such payment upon the contingency of a sale prior to that date. It provides, that in case such sale is effected, the full amount, with accrued interest up to the time of sale, shall be paid. This would seem to be the natural interpretation, had the instrument contained nothing but the conditional promise. As the last sentence was intended to qualify that which preceded it, its language should be given the same controlling force as if it had stood alone.

When the entire instrument is read in the light of the surroundings, we think it can be safely affirmed, without doing violence to any of the language employed, that such was the intention of the parties. Any other construction would render the conditional promise contained in the qualifying clause meaningless; for it could not have been their intention to stop the interest at the date of the sale made prior to June 1, and yet postpone the payment of both principal and interest until the latter date.

The judgment will therefore be affirmed.

*Affirmed.*